# KEVIN T. CONWAY, ESQ.
### ATTORNEY AT LAW
### LICENSED IN
### N.Y., N.J., CT.

*664 Chestnut Ridge Road*  *65 Route 4 East*
*Spring Valley, NY 10977*  *River Edge, New Jersey 07661*
*Tel: (845) 352-0206*  *Tel: (201) 525-1099*
*Fax: (845) 352-0481*

June 5, 2018

The Honorable Loretta A. Preska
United States Courthouse
Room 2220
500 Pearl Street
New York, NY 10007

  Re: 1:18:cv-00230-LAP – Malibu Media v. John Doe
     Plaintiff's Response to Defendant's Pre Motion Letter dated May 31, 2018

Dear Judge Preska:

The purpose of this letter is to state the Plaintiff's position with respect to the Defendant's letter filed May 31, 2018 [CM/ECF 16], requesting leave to file motion to quash Plaintiff's Third-Party Subpoena delivered to Charter Communications, Inc., in connection with the above captioned matter.

For the reasons set forth below any Motion to Quash must be denied, and would be a waste of judicial resources. However, Plaintiff does not object to Defendant filing a Motion to Quash the Subpoena if this Honorable Court wishes to grant Defendant that opportunity. In fact, as set forth in Plaintiff's Memorandum in Opposition to Defendant's Objections to Plaintiff's Subpoena to Charter Communications, Inc. Pursuant to Rule 45 for Name And Address of Defendant, dated May 24, 2018 [CM/ECF 17], Plaintiff believed Defendant had already filed such a Motion to Quash, albeit titling it an "Objection to Subpoena" rather than a Motion to Quash.

Defendant now seems flabbergasted that Plaintiff would treat his/her "Objection to Subpoena" as a Motion to Quash. However, as Plaintiff set forth in its opposition, Defendant filed the brief titled "Opposition to Subpoena," but then cited to Federal Rule of Civil Procedure 45, and stated the motion was brought on behalf of the Defendant. Upon a plain reading of FRCP 45, the only entity with grounds to file an "objection" to the subpoena is the party upon whom the subpoena is served, or in this case Charter Communications. Charter Communications has filed no such objection. Further, pursuant to FRCP 45, anyone else wishing to oppose the subpoena would only have access to challenge the subpoena under FRCP 45(3), by moving to quash or modify the subpoena. Therefore, Plaintiff did not "unilaterally" elect to treat Defendant's ill-named "objection" as a Motion to Quash, and there is no "intent…to ensure that this litigation proceeds in assembly-line fashion without reference to the facts." Quite simply, despite the ill-titled filing by defendant characterizing it as an "objection," the decision to treat the filing as a Motion to Quash was well-reasoned and made based on a plain reading of FRCP 45, which was invoked by Defendant as the authority for his/her filing, and with the understanding that Court's often

construe filings based on the actual authority cited and substance and not the name the filing party chose.

While Plaintiff has no opposition to Defendant filing a Motion to Quash, and doing so under his/her John Doe status for the time being, any Motion to Quash must fail for all those reasons set forth in Plaintiff's Opposition already filed at CM/ECF 17.  In sum:

1. Defendant's denial of liability is irrelevant, identifying a defendant by the IP address is the proper method to determine the infringer;
2. That Defendant claims he/she provides unsecured/unmonitored internet to his/her business customers is no evidence that Defendant should not be held liable for the infringement that occurs using its system, either directly or vicariously;
3. Defendant's name and address is discoverable, Defendant's privacy right is subordinated by Plaintiff's interest in obtaining limited information; and,
4. Defendant lacks standing to assert undue burden.

Notably, in other nearly identical copyright enforcement cases brought by Plaintiff, this District Court has previously considered and rejected every argument asserted by Defendant in support of his/her pre-motion letter.  *See e.g. Malibu Media, LLC v Doe,* No. 15-cv-3147 (AJN), 2016 US Dist. LEXIS 134478, at *10 (S.D.N.Y. Sep. 29, 2016) (Denying Motion to Quash as it is not an undue burden on Defendant, and is relevant to the claims of copyright infringement.); *Malibu Media, LLC v Doe,* No. 15-CV-7788 (KMW), 2016 US Dist. LEXIS 55408, at *9 (S.D.N.Y. Apr. 26, 2016) ("Defendant's argument that another party is responsible for the infringing conduct may be advanced later as a defense, but it does not constitute a reason to quash the subpoena, because '[o]btaining Doe's contact information 'is the logical first step in identifying the correct party.'"); *Malibu Media, LLC v Doe,* 2015 US Dist. LEXIS 141127, at *10 (S.D.N.Y. Oct. 16, 2015) ("Because all factors weigh in favor of upholding the subpoena, Defendant's motion to quash is DENIED."); *Malibu Media, LLC v Doe*, 2015 US Dist. LEXIS 94054, at *7-8 (S.D.N.Y. July 20, 2015) *(*"Doe also claims that the subpoena should be quashed because he is not the real infringer. This argument, however, is not a reason to quash the subpoena. Neither Malibu nor the Court is required to accept the unsupported allegation that Doe is not an infringer. Obtaining Doe's contact information "is the logical first step in identifying the correct party."); *Malibu Media, LLC v Doe*, 15-cv-1862 (RJS), 2015 US Dist. LEXIS 91065, at *5-6 (S.D.N.Y. July 14, 2015) ("… Defendant's contention that the evidence of his liability is inconclusive is no basis for seeking reconsideration. The Court has already rejected this underlying merits-based line of argument, and even if it were to consider Defendant's new assertion regarding the inconclusive nature of the evidence — that the "hash'" of the transfers at issue are too small to conclusively be identified as part of Plaintiffs copyrighted work — it would have [*6]  no reason to reconsider the June 15 Order [denying motion to quash]"); *Malibu Media, LLC v Doe*, 2013 US Dist. LEXIS 99332, at *18 (S.D.N.Y. July 16, 2013) ("Since all factors weigh in favor of upholding the subpoena, Defendant's motion to quash is DENIED."); *Malibu Media v Doe No. 4*, 2012 US Dist. LEXIS 170554, at *4 (SDNY Nov. 30, 2012).

Finally, Defendant's counsel claims that the ill-named "objection" was filed to stall Charter Communication's release of Defendant's identity to leave Defendant's counsel time for "engendering further dialogue with plaintiff."   However, this suggestion is without factual support as Defendant's "objection" was filed on May 17, 2018.  The pre-motion letter dated May 31, 2018, is the only other substantive communication from Defendant in the relevant time period, so Defendant's counsel has engendered no "further dialogue with plaintiff."

Wherefore, any Motion to Quash in this matter will be without merit and must be denied, but Plaintiff does not oppose Defendant filing a Motion to Quash if this Honorable Court wishes to grant him/her that opportunity.  Plaintiff also has no objection to Defendant filing the Motion to Quash under his/her John Doe status.

                                              Respectfully Submitted,

By:    /s/ *Kevin T. Conway*
           Kevin T. Conway, Esq. (KC-3347)
           664 Chestnut Ridge Road
           Spring Valley, New York 10977-6201
           T: 845-352-0206
           F: 845-352-0481
           E-mail: kconway@ktclaw.com
           *Attorneys for Plaintiff*