**PAUL P. DE FIORE**
*Attorney At Law*

---

**2520 39th Avenue**               Writer's direct # (718)943-4803   Fax# (718)943-4831
**Long Island City, NY 11101**                    e-mail: pdefiore@utog.com


June 6, 2018

<u>By ECF</u>
Judge Loretta A. Preska
United States District Court Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 2220
New York, New York 10007

   RE: Malibu Media, LLC   v.  John Doe subscriber IP address 50.74.35.59
    Case No. 1:18-cv-00230-LAP
    Defendant's Reply Letter Pre- Motion Conference Request, etc.

Dear Judge Preska:

 This letter is respectfully submitted in Reply to plaintiff's June 5, 2018 "opposition" to defendant's pre-motion letter dated May 31, 2018, which application sought to (1) arrange a pre-motion conference prior to defendant filing its Rule 45 motion to quash or modify plaintiff's Third Party Subpoena delivered to Charter Communications Inc. ("Charter") seeking the name and address of the unnamed IP address holder, pursuant to this Court's Order of April 13, 2018 (CM/ECF at 13) or (2) clarify that the defendant has not waived its right to file its motion; may file it anonymously and setting a motion schedule.

 While plaintiff has not opposed the scheduling of the proposed motion, it has steadfastly refused to address the issues raised by defendant.  Plaintiff has not amplified the allegations in its Complaint (CM/ECF at 1); its Motion for Leave to Serve a Third Party Subpoena (CM/ECF at 6) and its "Opposition Brief" (CM/ ECF at 17) with additional allegations and law that could reasonably implicate the Limited Liability Company defendant in a copyright infringement scheme as detailed in plaintiff's pleadings. Plaintiff has also failed to address what IP address information and technical details it requires, without revealing defendant's identity at this stage of the proceedings, to conclude that the defendant cannot be held responsible for adult film piracy under applicable law.

  Plaintiff is on point when it states that "Defendant now seems flabbergasted…" (Opposition Letter at Pg 1) but not due to plaintiff's decision to treat defendant's Objections to the Third Party Subpoena as a Motion to Quash. The principal owners of

the defendant Limited Liability Company are truly flabbergasted because they cannot accept the premise that their business operations can somehow be held responsible for pirating adult films.  Plaintiff tacitly admits the futility of pursuing this defendant if its business status can be shown to be as put forward by the undersigned, by, for the first time at page 2 of the Opposition Letter at subparagraph No. 2, referring to defendant being held liable "vicariously" for infringement. It is indeed telling that plaintiff, without any evidence, chooses to characterize the internet use provided by defendant as "unsecured/unmonitored"   If plaintiff has conducted an investigation to support those charges, why has plaintiff failed to plead those allegations in its complaint?

   Despite the distinguishing facts and circumstances of the present action, plaintiff appears intent on proceeding with this matter as it apparently has proceeded in the majority of its approximately 1,000 filed similar cases. Contrary to counsel's assertion at the last line of page 2 of the Opposition Letter, the undersigned received no response to my e-mail of May 16, 2018, where I asked counsel: "…is there information that the ISP ("Charter") can provide and confirm to you without indentifying my client as a means to move forward to a resolution?"  I did not receive a response and filed Objections to the Third Party Subpoena on May 17, 2018.  While there may be no available information that is capable of meeting plaintiff's standards for exonerating this defendant from copyright infringement, the undersigned anticipates that a pre-motion conference may elicit a definitive answer to this question.          .

   Because defendant can reasonably argue under all the prior precedents cited by plaintiff, that insufficient plausible allegations have been raised to move forward with litigation against this defendant, defendant respectfully requests that the relief or alternative relief sought in this pre-motion application be granted.

.

                                                  Respectfully,
                                                /S/*Paul P. DeFiore*

                                                Paul P. DeFiore

cc  Counsel of Record (via ECF)
     Charter Communications, Inc. (Via Fax)